740 F.2d 111
 12 Bankr.Ct.Dec. 185, Bankr. L. Rep. P 69,954
 ROMEO J. ROY, INC., et al., Plaintiffs, Appellants,
v.
NORTHERN NATIONAL BANK, et al., Defendants, Appellees.
In re SOUTH PORTLAND SHIPYARD AND MARINE RAILWAYS, INC.
Creditors' Committee of South Portland Shipyard, Appellant.
In re SOUTH PORTLAND SHIPYARD AND MARINE RAILWAYS, INC.
Creditors' Committee of South Portland Shipyard, Debtor, Appellant.
 Nos. 83-1743, 83-1753 and 83-1765.
 United States Court of Appeals,
First Circuit.
 Argued March 5, 1984.
Decided Aug. 7, 1984.
 
 Gregory A. Tselikis, Portland, Me., with whom Charles E. Miller, and Bernstein, Shur, Sawyer & Nelson, Portland, Me., were on brief, for Creditors' Committee of South Portland Shipyard and Creditors' Committee of South Portland Shipyard ex rel. debtor.
 Stephen G. Morrell, Bangor, Me., with whom Thomas M. Brown, and Eaton, Peabody, Bradford & Veague, P.A., Bangor, Me., were on brief, for Romeo J. Roy, Inc., et al.
 Gerald F. Petruccelli, Portland, Me., with whom Andrew G. Siket, and Petruccelli, Cohen, Erler & Cox, Portland, Me., were on brief, for Northern Nat. Bank.
 Alan L. Lefkowitz, Charles F. Vihon, Gaston Snow & Ely Bartlett, Daniel M. Glosband, Gayle M. Merling, Goldstein & Manello, Frederick G. Fisher, Jr., Hale & Dorr, Andrew A. Rainer, and Goodwin, Procter & Hoar, Boston, Mass., on brief for the Boston Bar Association and the Massachusetts Bar Association, amici curiae.
 Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and GIERBOLINI,* District Judge.
 PER CURIAM.
 
 
 1
 The instant appeal is a consolidation of two cases from the Bankruptcy Court for the District of Maine, 32 B.R. 240, 31 B.R. 770. Complaints were filed in the bankruptcy court after the expiration of the stay of judgment in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The bankruptcy court dismissed the cases for lack of subject matter jurisdiction. The United States District Court for the District of Maine, 32 B.R. 1008, 32 B.R. 1012, affirmed on the ground that Local Rule 41, the emergency rule providing for continued operation of the bankruptcy courts, was invalid. The district court determined that it retained jurisdiction to consider bankruptcy matters, but held that it could not exercise jurisdiction in cases filed exclusively in the bankruptcy court.
 
 
 2
 The recent passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 (1984), moots the present appeal. Section 101(a) of the Act amends 28 U.S.C. Sec. 1334 to establish jurisdiction in the district courts over "all cases under title 11" and over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 104(a) of the Act adds to title 28 a new chapter governing bankruptcy judges, including a section providing for references of proceedings from the district courts (new 28 U.S.C. Sec. 157). Because Rule 41 of the local rules was explicitly limited in duration "until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co.," the rule has lapsed. We decline to review the constitutionality of a rule that no longer has any operative effect. DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). According to the appropriate practice in the federal courts, we vacate the district court's judgment of dismissal. United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).
 
 
 3
 During the period between the expiration of the Marathon stay and the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Rule 41(b) provided that all bankruptcy filings be made in the bankruptcy courts. Section 115(a) of the Act provides that,
 
 
 4
 On the date of the enactment of this Act the appropriate district court of the United States shall have jurisdiction of--
 
 
 5
 (1) cases, and matters and proceedings in cases, under the Bankruptcy Act that are pending immediately before such date in the bankruptcy courts continued by section 404(a) of the Act of November 6, 1978 (Public Law 95-598; 92 Stat. 2687), and
 
 
 6
 (2) cases under title 11 of the United States Code, and proceedings arising under title 11 of the United States Code, or arising in or related to cases under title 11 of the United States Code, that are pending immediately before such date in the bankruptcy courts continued by section 404(a) of the Act of November 6, 1978.
 
 
 7
 This language removes the district court's concern over exercising jurisdiction in cases filed in the bankruptcy courts. We therefore remand to the district court for further proceedings in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.
 
 
 8
 Vacated and remanded.
 
 
 
 *
 Of the District of Puerto Rico, sitting by designation