In re ACME–DUNHAM, INC., Debtor.

Robert Scott LINGLEY, Trustee Estate of Acme-Dunham, Inc., Plaintiff,

v.

The FASTENER HOUSE, Defendant.

Bankruptcy No. 183–00015.
Adv. No. 184–0144.

United States Bankruptcy Court,
D. Maine.

Dec. 21, 1984.

Robert S. Lingley, C.W. & H.M. Hayes, Dover Foxcroft, Me., Trustee.

Michael S. Haenn, Rudman & Winchell, Bangor, Me., for trustee.

W.T. Hohmann, Hohmann, Boukis & Boukis Co., LPA, Cleveland, Ohio, for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On January 19, 1983, an involuntary bankruptcy petition under chapter 11 of the United States Bankruptcy Code was filed against Acme-Dunham, Inc., in the United States Bankruptcy Court for the District of Maine. The plaintiff in this action is the duly appointed trustee of the debtor's estate. The defendant is a foreign corporation with its principal place of business in the state of Ohio. Asserting that this Court has jurisdiction under Title 28 U.S.C. § 1471 and Local Rule 41, the plaintiff on June 15, 1984 filed a complaint to recover a preferential transfer under Title 11 U.S.C. § 547. The plaintiff alleges that within ninety (90) days prior to the filing of the bankruptcy petition, the debtor had transferred sums totalling $2000.00 to the defendant. The payments were purportedly made on account of an antecedent debt, made while the debtor was insolvent, and enabled the defendant to receive more than it would have received "if the case were a case under chapter 7 of this title; the transfer[s] had not been made and [the defendant had] received payment of [its claim] to the extent provided by the provisions of this title." *See* 11 U.S.C. § 547(b)(5).

The defendant on August 17, 1984 filed a motion objecting to this Court's jurisdiction and requesting that this case be dismissed. Noting that the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), has ruled the bankruptcy courts' jurisdictional grant under 28 U.S.C. § 1471 unconstitutional, the defendant now maintains that the Bankruptcy Amendments and Federal Judgeship Act of 1984 fails to remedy the deficiencies of the bankruptcy courts' jurisdiction as set forth in the *Northern Pipeline* decision. The defendant further suggests that the Bankruptcy Amendments and Federal Judgeship Act of 1984 is itself invalid on the grounds that the method of appointment of the bankruptcy judges is unconstitutional.[1] The plaintiff having filed a response to the defendant's motion and proper notice having been given, a hearing was held on September 19, 1984.

While this Court is aware of the emerging concerns as to the constitutionality of the Bankruptcy Amendments and Federal Judgeship Act of 1984, *see, e.g., Lundin et al. v. Foley*, No. 84–2237 (D.D.C., filed July 20, 1984), one of the most recent cases addressing the defendant's concerns has

---

1. The defendant, in its pleadings, also challenges the validity of Local Rule 41. This Court, in a decision later affirmed by the United States District Court for the District of Maine, struck down Local Rule 41 on the grounds that the rule is inconsistent with the Federal Rules of Civil Procedure. *In re South Portland Shipyard and Marine Railways Corp.*, 31 B.R. 770 (Bankr. D.Me.1983), *aff'd* 32 B.R. 1012 (D.Me.1983). On appeal, the First Circuit Court of Appeals refused to review the constitutionality of the rule. Noting that Local Rule 41 was limited in duration "until Congress [could] enact[ ] appropriate remedial legislation in response to the Supreme Court's decision in *Northern Pipeline Construc-* *tion Co. v. Marathon Pipe Line Co.,*" *see* Rule 41(a), the First Circuit held that the recently-enacted Bankruptcy Amendments and Federal Judgeship Act of 1984 mooted the appeal as to the constitutionality issue of Local Rule 41. *In re South Portland Shipyard and Marine Railways, Inc.*, 740 F.2d 111, 12 Bank.Ct.Dec. (CRR) 185 (1st Cir.1983). Following the reasoning of the First Circuit, this Court now "decline[s] to review the constitutionality of a rule that no longer has any operative effect." *Id.* at 112, 12 Bank.Ct.Dec. (CRR) at 186, *citing Defunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

ruled that the Bankruptcy Amendments and Federal Judgeship Act of 1984 does not provide for an unconstitutional appointment of bankruptcy judges. *In re Benny,* 44 B.R. 581 (N.D.Cal.1984). This Court, on the basis of the pleadings before it, is not prepared to deviate from the decision in *In re Benny.* For this Court to question the constitutionality of the Bankruptcy Amendments and Federal Judgeship Act of 1984, on any grounds, would require extensive and detailed pleadings filed on behalf of the parties. Such pleadings were not presented to the Court in this case.[2]

Effective as of July 10, 1984, the United States District Courts assumed jurisdiction over all pending cases and proceedings arising under Title 11 or arising in or related to cases under Title 11. 28 U.S.C. § 115(a)(2). While the district courts have both original and exclusive jurisdiction of all cases under Title 11, *see* 28 U.S.C. § 1334(a), and original, but not exclusive, jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11, *see* 28 U.S.C. § 1334(b), the district courts may refer to the appropriate bankruptcy judges "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11." 28 U.S.C. § 157(a). Acting in accordance with § 157(a), the United States District Court for the District of Maine referred "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 ... to the bankruptcy judges of this district." *Order Referring Bankruptcy Proceedings,* August 1, 1984.

Pursuant to Title 28 U.S.C. § 157(b)(1), this Court may hear all "core proceedings" arising under Title 11 or arising in a case under Title 11 referred to it by the district court. Proceedings to recover preferential

transfers are classified as core proceedings. *See* 28 U.S.C. § 157(b)(2)(F). The Court concludes that it does in fact have jurisdiction in this case.

The defendant's motion to dismiss this case for lack of jurisdiction is denied.

Enter order.

---

**2.** The defendant's memorandum of law was one page in length. In support of its position, the defendant refers only to statements made by Congressman Don Edwards (D-Cal.) and Congressman Hamilton Fish (D–N.Y.) at the time the Bankruptcy Amendments and Federal Judgeship Act of 1984 was before Congress for approval. *See, e.g.,* 130 Cong.Rec.H. 7490, 7491 (daily ed. June 29, 1984). While the plaintiff's attorney did respond to the defendant's motion, he failed to submit an accompanying memorandum of law. The Court notes further that neither party appeared at the hearing for oral argument.