In re BEDFORD COMPUTER CORPO-
RATION and Bedford Research
Corporation, Debtors.

BEDFORD COMPUTER
CORPORATION,
Plaintiff,

v.

GINN PUBLISHING, INC. d/b/a Ginn
and Company, Defendant.

Bankruptcy Nos. 85–493, 85–494.
Adv. No. 86–35.

United States Bankruptcy Court,
D. New Hampshire.

June 19, 1986.

Steven Levine, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for plaintiff.

Peter Michelson, Sullivan & Worcester, Boston, Mass., for defendant.

PRE-TRIAL ORDER AND ORDER ON GINN PUBLISHING'S MOTION SEEKING WITHDRAWAL OF REFERENCE AND DETERMINATION PURSUANT TO 28 U.S.C. § 157 THAT THIS CIVIL ACTION IS NOT A "CORE PROCEEDING" AND FOR OTHER RELIEF

JAMES E. YACOS, Bankruptcy Judge.

This case came on for pre-trial hearing on June 17, 1986 on the Debtor's Complaint for Turnover of Property of the Estate, for Rejection of Executory Contract and for Related Relief; Ginn Publishing's Answer, Affirmative Defenses, and Counterclaim against Bedford Computer Corporation; and Plaintiff's Answer to Defendant's Counterclaims. Also coming before the court for hearing on June 17, 1986 was Ginn Publishing's Motion Seeking Withdrawal of Reference and Determination Pursuant to 28 U.S.C. § 157 that this Civil Action is Not a "Core Proceeding" and for Other Relief with Memorandum in Support thereof filed by Ginn Publishing, Inc. and Memorandum in Opposition thereto filed by the debtor-plaintiff.

First considered by the court was Ginn Publishing's motion seeking withdrawal of reference and determination as to the core/noncore issue. On the request for a determination as to the "core" status of this adversary proceeding, I hereby find that the debtor-plaintiff's adversary complaint constitutes in substance, a counterclaim to the proof of claim asserted by the creditor, Ginn. By filing said proof of claim Ginn has thereby submitted itself to the jurisdiction of this court and the trial of this adversary proceeding will determine not only the question of turnover but will also determine the claim and any offsets to the claim. In my judgment the Supreme Court's rationale and ruling in this regard in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), has not been disturbed by its more recent ruling on bankruptcy court jurisdiction in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

I therefore rule that pursuant to 28 U.S.C. § 157(b)(2)(C), this adversary proceeding is a "core proceeding" and this court accordingly has "core" jurisdiction. I further rule that any rights the creditor would have had outside the bankruptcy court to a jury trial do not apply here, where the creditor has consented to the jurisdiction of the bankruptcy court by filing a proof of claim, and where the issues asserted both in the claim and the adversary response all stem from the same transaction.

On the request for withdrawal of reference, I rule that that issue is not properly before this court but rather would only be properly directed to the U.S. district court judge.

As its pre-trial order the court hereby orders as follows: (1) both parties shall complete discovery no later than August 18, 1986; (2) the parties shall exchange the documents which they expect to offer at trial and shall also exchange lists of the witnesses which they expect to call at trial no later than August 28, 1986; and (3) this matter is hereby set for one full day of trial on Wednesday, September 10, 1986 at 10 a.m. in the Norris Cotton Federal Building, Seventh Floor, Room 722, 275 Chestnut Street, Manchester, New Hampshire 03101.