**In re GREAT AMERICAN MANUFACTURING AND SALES, INC., Debtor.**

**Gary J. MILLER, Trustee, Appellee,**

**v.**

**Joseph BARON, et al., Appellants.**

**No. CV89–7095–HLH.
Bankruptcy No. LA 82–10709–AA.
Adv. No. LA 83–9566–AA.**

United States District Court,
C.D. California.

Aug. 2, 1991.

David R. Weinstein, Los Angeles, Cal., for appellee.

Mary G. Whitaker, Los Angeles, Cal., for appellants.

## OPINION

HUPP, District Judge.

This interlocutory appeal poses the question of whether the bankruptcy court may conduct a jury trial in a core matter where defendants have not conferred jurisdiction on the Bankruptcy Court by filing a claim therein. The Court holds that jury trials in bankruptcy court in core matters are authorized by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "1984 Amendments" or "1984 Act") and do not violate either Article III or the Seventh Amendment of the U.S. Constitution.[1]

### BACKGROUND

Gary J. Miller, trustee in bankruptcy of Great American Manufacturing and Sales, Inc. ("Great American"), brought an adversary proceeding in the Bankruptcy Court for the Central District of California against Joseph and Beatrice Baron ("the Barons") and Marvin and Sondra Smalley ("the Smalleys"). Miller's complaint sought to avoid an allegedly fraudulent transfer and to recover allegedly illegal distributions and money damages in connection with the defendants' sale of Great American to H.P.E., Inc.. Neither the Barons nor the Smalleys submitted claims against the bankruptcy estate. They did file timely jury demands. Their demands were stricken by the bankruptcy court and in mid-June 1989 a bench trial commenced before the bankruptcy judge.

During the course of the June 1989 trial, the Supreme Court issued its opinion in *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) which held that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial under the Seventh Amendment when sued by the bankruptcy trustee to recover an allegedly fraudulent monetary transfer. The Supreme Court expressly declined to decide whether bankruptcy courts may conduct jury trials in fraudulent conveyance suits. The bankruptcy judge adjourned the trial to consider the effect of the Court's ruling on the instant case. On August 16, 1989 the bankruptcy court entered its Order finding that the individual defendants had a right to a jury trial pursuant to *Granfinanciera* and that the bankruptcy court would preside over the jury trial. On September 7, 1989 the bankruptcy court issued its Order certifying the issue of its authority to preside over jury trials as appropriate for an interlocutory appeal pursuant to 28 U.S.C. §§ 158 and 1292(b). The motion for leave to file the appeal was granted by this Court on February 20, 1990.

### DISCUSSION

As a preliminary matter, because the bankruptcy petition was filed in 1982 and the adversary proceeding in 1983, the Court must determine whether the 1984 Amendments apply.

Section 122(a) of the 1984 Act provides that Title I of the 1984 Act (entitled "Bankruptcy Jurisdiction and Procedure) shall take effect on July 10, 1984, the date of enactment, except that 28 U.S.C. § 1334(c)(2), which deals with mandatory abstention, and 28 U.S.C. § 1411(a), which deals with jury trials under nonbankruptcy law involving personal injury and wrongful death claims, do not apply to pending cases. Because neither of the two exceptions apply and this case was pending as of July 10, 1984, the Court finds the 1984 Amendments govern. *See also Creasy v. Coleman Furniture Co.*, 763 F.2d 656, 660 (4th Cir.1985); *Carlton v. BAWW, Inc.*, 751 F.2d 781, 787 n. 6 (5th Cir.1985); *In re South Portland Shipyard & Marine Railways, Inc.*, 740 F.2d 111, 112 (1st Cir.1984).

Since the Supreme Court's decision in *Granfinanciera*, five Courts of Appeals have determined whether bankruptcy judges may preside over jury trials. In *In*

---

1. The bankruptcy judge certified the following issue for appeal: "May a United States Bankruptcy Judge, over objection of the defendants, conduct and preside over a jury trial in the instant case where a Trustee in bankruptcy has brought claims of fraudulent conveyance against persons who have not submitted claims against the bankruptcy estate". Because of the limited nature of the certified issue, this Court does not reach the issue of whether the bankruptcy court may preside over a jury trial in other causes of action the Trustee has pleaded against defendants.

*re Ben Cooper, Inc,* 896 F.2d 1394 (2d Cir.1990)[2], the Second Circuit held that bankruptcy courts may conduct jury trials in core proceedings. The court reasoned that because it is Congress' intention that bankruptcy courts issue final orders in core proceedings [*see* 28 U.S.C. § 157(b)] and because the Supreme Court has held that defendants are entitled to jury trials in certain core matters, the only way to reconcile these two concerns is to allow bankruptcy judges to conduct jury trials over core matters. 896 F.2d at 1402. The court went on to hold that jury trials in bankruptcy court do not violate either Article III or the Seventh Amendment of the Constitution. *Id.* at 1403–04.

The Tenth and Eighth Circuits have reached the opposite conclusion. In *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990) the Eighth Circuit held that bankruptcy courts do not have the statutory authority to conduct jury trials in an action alleging a preferential transfer between the debtor and a third party creditor. The court concluded that Congress has not granted bankruptcy courts either the express or implied authority to conduct jury trials and that the power to hold jury trials is not indispensable nor essential to execute the power vested in bankruptcy courts to hear and determine core matters.

In *In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990), the Tenth Circuit largely relied on the Eighth Circuit's reasoning in holding that bankruptcy courts lack the statutory authority to conduct jury trials in core matters.[3]

Finally, both the Ninth and Third Circuits have held that bankruptcy courts cannot constitutionally preside over jury trials in noncore matters. *See Taxel v. Electronic Sports Research (In re Cinematronics, Inc.),* 916 F.2d 1444 (9th Cir.1990); *Beard v. Braunstein,* 914 F.2d 434 (3d Cir.1990). The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law." U.S. Const. amend. VII. Both courts held that this limitation on reviewing jury findings is incompatible with 28 U.S.C. § 157(c)(1) which requires district courts to review *de novo* any findings in noncore matters.

No Ninth Circuit Court of Appeals decision has yet considered whether the bankruptcy court may conduct a jury trial in core matters. Judge Tevrizian of this court examined the issue in *Gumport v. Growth Financial Corp. (In re Transcon Lines)* 121 B.R. 837 (C.D.Cal.1990) and agreed with the reasoning of the Eighth and Tenth Circuits that there was no authorization for the Bankruptcy Court to conduct jury trials. The matter was not appealed, presumably because the order in that case was to withdraw the reference and therefore not reviewable as a final order. *Packerland Packing Co., Inc. v. Griffith Brokerage Co. (In re Kemble),* 776 F.2d 802, 806 (9th Cir.1985). This court reaches the opposite conclusion. However, Judge Tevrizian's excellent opinion is relied upon for a more complete statement of the legal background and considerations before the Court and his discussion will not be repeated here. Obviously, this is a matter which affects the operation of the bankruptcy courts every day and on which reasonable minds could well differ. The public interest is that there be a definitive

---

**2.** Cert. granted —— U.S. ——, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990); judgment vacated and remanded, —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 1990; opinion reinstated 924 F.2d 36 (2d Cir.1991); cert. den. —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991).

**3.** In addition to the appellate decisions, many lower courts have ruled on bankruptcy courts' authority to preside over jury trials in core matters. The majority have concluded that they have the power to conduct jury trials. *See, e.g., In re Jackson,* 118 B.R. 243 (E.D.Pa.1990); *In re Stoecker,* 117 B.R. 342 (N.D.Ill.1990); *In re Clairmont Transfer Co.,* 117 B.R. 288 (Bankr. W.D.Mich.1990); *In re Lee Way Holding,* 115 B.R. 586 (S.D.Ohio 1990); *Citibank, N.A. v. Park–Kenilworth Industries, Inc.,* 109 B.R. 321 (N.D.Ill.1989). The view is not unanimous and among those courts which disagree are: *In re Johnson,* 115 B.R. 712 (Bankr.S.D.Ala.1990); *In re Owensboro Distilling Co.,* 108 B.R. 572 (Bankr.W.D.Ky.1989); *In re Fort Lauderdale Hotel,* 103 B.R. 335 (Bankr.S.D.Fla.1989).

Court of Appeals opinion as soon as feasible.

Core/Non–Core

■ Based on the clear language of the statute, the Trustee's action to avoid an allegedly fraudulent conveyance is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(H).

Appellants argue that in determining whether a claim is core or noncore, the Court should not mechanically apply § 157(b)(2). Rather, they urge, the Court should analyze the nature and substance of the claim. As support, they rely on *Granfinanciera*, where the Supreme Court held that despite being labelled a core matter by Congress, the fraudulent conveyance action at issue involved private, legal rights and therefore defendants were entitled to a jury trial.

■ Appellants are mistaken in their reliance. *Granfinanciera* concerned the existence, or nonexistence, of jury rights. It did not, as appellees note, concern what is a core matter and what is a noncore matter. The lesson of *Granfinanciera* is that Congress may not constitutionally convert a legal right into an equitable claim and thereby displace the Seventh Amendment right to a jury. Therefore, no matter what an action is called, if in substance it is a private, legal action, and the defendants have not asserted a claim against the bankruptcy estate, there is a right to a jury trial. *Granfinanciera* does not instruct courts to second guess Congress's determination that certain proceedings are classified as core under the 1984 Amendments.

Moreover, there is sufficient logic in classifying a suit to recover a fraudulent conveyance as a core bankruptcy matter that such classification should not be subject to meritorious attack. Fraudulent conveyances are designed to remove certain assets from the bankruptcy estate. However, the assets which should be available for creditors are mustered in the bankruptcy, not the district court. Thus, a suit to recover assets fraudulently conveyed, like a suit to recover a preference (28 U.S.C. § 157(b)(2)(F)), is classified by Congress as a core matter, to be heard by the bankruptcy court.

The Court finds that the fraudulent conveyance action is a core proceeding.

The Bankruptcy Court May Preside Over A Jury Trial

■ This Court finds the Second Circuit's reasoning in *In re Ben Cooper*, coupled with the Ninth Circuit's reasoning in *In re Cinematronics*, persuasive and holds that the bankruptcy court may conduct a jury trial in this fraudulent transfer proceeding. While Judge Tevrizian's conclusion in *In re Transcon Lines* is clearly correct as to noncore matters, this Court holds that the 1984 Act itself provides authority for bankruptcy judges to conduct jury trials in core proceedings.

As the Court in *In re Ben Cooper* noted, 28 U.S.C. § 157(b) gives bankruptcy judges the authority to "hear and determine" and "enter appropriate orders and judgments" in core proceedings. In *Granfinanciera*, the Supreme Court held that core proceedings are subject to the Seventh Amendment right to a jury trial provided that the action is private and legal in nature, and the defendant has not submitted a claim against the bankruptcy estate. In order to give full meaning to § 157(b), bankruptcy courts must be able to preside over jury trial in core matters. Without this ability, § 157(b) would be meaningless in a case such as the one before this Court.

The Ninth Circuit's decision in *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990) also sheds light on this issue. As noted above, the court held that bankruptcy courts may not conduct jury trials in noncore matters because the *de novo* review provisions of § 157(c)(1) would violate the Seventh Amendment. Following the established principles of judicial restraint and statutory construction, if the court believed that bankruptcy courts lacked the statutory authority to preside over jury trials, they never would have reached the constitutional issue. *See, e.g., Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering, P.C.*, 467 U.S. 138, 157–58, 104 S.Ct. 2267, 2279, 81 L.Ed.2d 113 (1984).

The Court does not find the Tenth and Eighth Circuits' opinions as convincing as that of the Second Circuit. The former decisions appear to place jury trials onto some pedestal as a fact-finding device and disbelieve Congress could intend to allow them to be conducted in a Bankruptcy Court unless Congress says so directly. This view is unrealistic. Jury trials are one of many methods or techniques that a court has to resolve factual disputes and there appears no reason in logic or policy why this or other Article III courts should assume that there is something suspicious about a Bankruptcy Court using that technique or to presume that Congress could not have intended such a thing. Since *Granfinanciera* makes it clear that certain fraudulent conveyance actions must be tried to a jury, and Congress has said that such an action must be tried in the Bankruptcy Court, no impediment appears to the Bankruptcy Court trying the action with a jury.

The Court also determines that there are no constitutional barriers to jury trials in bankruptcy court in core proceedings. Again, as the Second Circuit reasoned, "[i]f bankruptcy courts have the power to enter final judgment without violating Article III, it follows that jury verdicts in bankruptcy courts do not violate Article III". 896 F.2d at 1403. Moreover, the Seventh Amendment concerns raised by the Ninth Circuit in *In re Cinematronics, Inc.* do not apply where, as here, the action constitutes a core proceeding. Unlike the *de novo* review district courts conduct over noncore proceedings, a district court's review of final orders in core matters is analogous to the review that courts of appeals have over district courts. 28 U.S.C. § 158; *In re Daniels–Head & Associates*, 819 F.2d 914, 918–19 (9th Cir.1987).

In sum, the Court holds that the trustee's action is a core proceeding within the meaning of § 157(b), that bankruptcy courts have the authority to conduct jury trials in core proceedings, and that there no constitutional bar to bankruptcy courts ex-

ercising this power. Accordingly, the jury trial in this matter should be in the bankruptcy court. The Appellants have requested that this court order the reference withdrawn; that request is denied.

The answer to the question certified by the Bankruptcy Court is "yes". The order of the Bankruptcy Court requiring a jury trial in the Bankruptcy Court is affirmed.