Steven WEISS, Plaintiff,

v.

AVENIR ACQUISITION
CORPORATION II, et
al., Defendants.

Civ. A. 91–30178–F.

United States District Court,
D. Massachusetts.

Dec. 20, 1991.

David J. Noonan, Kamberg, Berman & Gold, Springfield, Mass., for Steven Weiss.

Michael J. Coyne, Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, Charles V. Ryan, Ryan, Martin, Costello, Allison & Leiter, Springfield, Mass., for defendants.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

Before the Court is a motion by several defendants to withdraw reference in the bankruptcy proceedings below. Motion of Defendants Thomas C. McDonald, John S. Bell, Dermont Dunphy, Michael Rowny, Donald Clifford, Alonzo McDonald and Avenir Group, Inc. to Withdraw Reference (July 24, 1991) (filed in the Bankruptcy. Court on June 25, 1991) ("Defendants' Motion"). Other defendants have joined Defendants' Motion for the reasons stated therein. Joinder of United States Trust Company of New York in Motion of Other Parties for Withdrawal of Reference (July 24, 1991) (filed in the Bankruptcy Court on July 8, 1991); Response of Defendants, George R. Townsend, Elizabeth S. Townsend, George R. Townsend Jr., Laura Townsend, Kevin Connell, Holly Townsend, and Nancy Jean Townsend to McDonald et al's [sic] Motion to Withdraw Reference (July 24, 1991) (filed in the Bankruptcy Court on July 5, 1991); Motion of Avenir Acquisition Corporation II for Withdrawal of Reference and Statement in Support of Motion of McDonald, *et al.* for Withdrawal of Reference (July 24, 1991) (filed in the

Bankruptcy Court on July 3, 1991). The Chapter 7 Trustee who brought this suit opposes the motion.

This Court has discretion to withdraw reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d).

■ Movants maintain that they are entitled to trial by jury on several of the counts, some of which constitute core proceedings and others of which are non-core, filed against them by the Chapter 7 Trustee. Nonetheless, these defendants ask the Court to withdraw reference with respect to all claims, jury and non-jury, in order to "accommodate the constitutional issues associated with jury trial demands, facilitate judicial efficiency and economy and ensure that the legal fees incurred by the Chapter 7 estate in prosecuting the adversary proceeding do not become excessive as the result of duplicative services associated with adjudications in more that one court." Defendants' Motion at ¶ 11.

Because the Court is convinced that the bankruptcy court provides a forum in which the legal claims may be adjudicated, the constitutional criteria may be satisfied and the efficiency concerns may be alleviated, the motion to withdraw reference is denied.

■ Although mindful that the First Circuit Court of Appeals has yet to rule on the issue, this Court is persuaded by the reasoning in a number of cases, apparently reflecting the majority review, which hold that a bankruptcy court may conduct jury trials in core matters without offending the constitution.[1] *See In re Ben Cooper, Inc.*, 896 F.2d 1394, 1402–03 (2d Cir.1990) (citing cases), *cert. granted,* — U.S. —, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990), *judgment vacated and remanded,* — U.S. —, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *opinion reinstated,* 924 F.2d 36 (2d Cir. 1991), *cert. denied,* — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991); *In re Great American Manufacturing & Sales Inc.*, 129 B.R. 633, 637 (C.D.Cal.1991). The

Court declines to embrace the contrary determination reached by a minority of federal courts. *See In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir.1990); *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1457 (8th Cir.1990).

[3] With regard to non-core proceedings, again the Court lacks First Circuit guidance; but the Court finds appealing the Ninth Circuit's analysis in *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990). This decision left open the possibility that bankruptcy courts may preside over jury trials in non-core matters if the parties unanimously consent to entry of final judgment by the bankruptcy judge. *Id.* at 1451. At least one bankruptcy court in the First Circuit has agreed that a bankruptcy judge has authority to conduct a trial by jury in non-core proceedings where such consent exists. *Bertholet v. Harmen (In re Raymond A. Bertholet)*, 126 B.R. 413, 417–18 (Bankr. D.N.H.1991). This Court's position in *Mohawk Indus., Inc. v. Robinson Indus., Inc.*, 46 B.R. 464 (D.Mass. 1985), is not inconsistent with its current posture. That opinion addressed the referral of a case to the bankruptcy court under 28 U.S.C. § 157(c)(2), not the withdrawal of a bankruptcy proceeding, as here, pursuant to 28 U.S.C. § 157(d). In addition, this Court in *Mohawk* noted that "[c]learly the defendant has not consented, within the meaning of this subsection [28 U.S.C. § 157(c)(2)], to have this case heard and determined in the bankruptcy court." *Id.* at 466. Finally, *Mohawk* explicitly refused to decide whether a bankruptcy judge has the power to hold proceedings before a jury. *Id.* The Court accordingly rejects the concept, expressed by some federal courts, that a bankruptcy judge may not conduct a jury trial on non-core claims under any circumstances. *See, e.g., Beard v. Braunstein*, 914 F.2d 434, 443 (3rd Cir. 1990).

For a probing discussion of the contours of the issues at hand, *see* Gibson, *Jury Trials in Bankruptcy: Obeying the Com-*

---

**1.** The United States Supreme Court expressly declined to decide whether a bankruptcy court may hold jury trials. *Granfinanciera, S.A. v.* *Nordberg*, 492 U.S. 33, 64, 109 S.Ct. 2782, 2802, 106 L.Ed.2d 26 (1989).

*mands of Article III and the Seventh Amendment,* 72 Minn.L.Rev. 967 (1988).

For the foregoing reasons, the motion to withdraw reference is denied.

The bankruptcy court shall conduct a trial by jury on core matters in which a party is entitled to a jury. If all parties consent to entry of final judgment by the bankruptcy judge, then the bankruptcy court may try non-core claims to a jury where a party is due a jury trial; if there be no unanimous consent, then this Court shall consider a motion to withdraw reference with respect to the non-core matters.

It is So Ordered.