**In re FROST, INC., Debtor.**

**FROST, INC., Plaintiff,**

v.

**MILLER, CANFIELD, PADDOCK & STONE, P.C., Defendant.**

Bankruptcy No. HG 90–82387.
Adv. No. 92–8211.

United States Bankruptcy Court,
W.D. Michigan.

Sept. 17, 1992.

## OPINION ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

LAURENCE E. HOWARD, Chief Judge.

This Opinion embodies in written form the bench decision rendered on September 15, 1992, and for the reasons stated herein, Defendant's Motion to Strike Plaintiff's demand for a jury trial is hereby granted.

### FACTS

The Debtor, Frost, Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 29, 1990. The Debtor's First Amended Plan of Reorganization was confirmed on February 26, 1992.

Prior to the onset of the bankruptcy, the Defendant represented the Debtor in a state court lawsuit. The action was instituted against the Debtor by a former employee. Ultimately, the lawsuit resulted in a 2.9 million dollar judgment being entered against the Debtor. When the Debtor filed its Chapter 11 bankruptcy, legal fees from the state court litigation were still owed to the Defendant. The Debtor included this indebtedness on the schedules accompanying its petition. The Defendant filed a proof of claim against the Debtor's bankruptcy estate in the amount of $289,706.72.

Upset with the outcome of the state court litigation and with Defendant's representation, the Debtor commenced this adversary proceeding through a pleading entitled, Objection to Claim and Counterclaim for Damages. The Debtor asserts two counterclaims against the Defendant, one for negligence and one for breach of contract. As a remedy, the Debtor seeks compensatory damages for the alleged harm caused by Defendant's errors. The Debtor includes a demand for trial by jury.

The Debtor bases its demand for a jury trial on the Seventh Amendment to the United States Constitution. The Debtor maintains that its right to a jury trial has not been lost despite the bankruptcy filing. The Debtor argues that its counterclaims, for breach of contract and fraud, are legal rather than equitable in nature and are the type of private rights for which a jury trial

David W. Christensen, Charfoos & Christensen, Detroit, Mich., for plaintiff, debtor.

Thomas W. Schouten, Dunn, Schouten & Snoap, Wyoming, Mich., William S. Farr, Farr & Oosterhouse, Grand Rapids, Mich., for defendant.

has been traditionally and is still guaranteed under the Seventh Amendment.

The Defendant brought this motion to strike the Debtor's demand for a jury trial. The Defendant argues that the counterclaims asserted by the Debtor are part of the claims allowance or disallowance process which is entrusted to this court to be tried as a matter of equity and for which a trial by jury is unavailable. Resolution of the Defendant's motion concerns the interpretation and application of prominent and often cited Supreme Court cases on the issue of the right to a jury trial in bankruptcy.

I have jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). The Debtor's complaint is properly characterized as a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C).

## SEVENTH AMENDMENT RIGHT TO TRIAL BY JURY

The Debtor rests its claim to a trial by jury on the Seventh Amendment to the Constitution. Adopted in 1791 as the guarantee of a right thought to be deeply imbedded in our newly formed nation's sense of justice, the Seventh Amendment provides that:

> [i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII.

There has been much judicial discussion concerning the right to a trial by jury in a bankruptcy proceeding. Whether bankruptcy courts can perform jury trials and the right of litigants to a jury trial in a related to or core bankruptcy proceeding has for some time now been a highly topical area of the law. *See Clairmont Transfer Company v. Rice, Rice, Gilbert & Marston (In re Clairmont Transfer Company)*, 117 B.R. 288 (Bankr.W.D. Mich.1990) (a case this court decided making the same observation). In a case of great importance as to the functioning of this court,

the Sixth Circuit recently held that bankruptcy courts have no authority to conduct jury trials. *Rafoth v. National Union Fire Insurance Co. (In re Baker & Getty Financial Services, Inc.)*, 954 F.2d 1169 (6th Cir.1992).

The leading case on the issue of jury trials in bankruptcy is *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In *Granfinanciera*, the trustee filed suit against various Colombian defendants for the recovery of alleged fraudulent transfers. The Supreme Court considered the issue of whether a creditor who did not file a claim against the bankruptcy estate retained the right to a trial by jury when sued by the trustee to recover an allegedly fraudulent conveyance. *Granfinanciera v. Nordberg*, 492 U.S. at 35–36, 109 S.Ct. at 2787. Ultimately, the Court found that the right to a jury trial was still present.

In arriving at its holding, the Supreme Court first recognized the long standing distinction that the Seventh Amendment protects the right to a jury trial only for matters at law and not for equitable actions. *Granfinanciera v. Nordberg*, 492 U.S. at 41–42, 109 S.Ct. at 2790. The Supreme Court stated that whether a party possesses a right to a jury trial depends on the outcome of a two-part analysis, performed as follows:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Granfinanciera v. Nordberg*, 492 U.S. at 42, 109 S.Ct. at 2790 (citing *Tull v. United States*, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987)).

The Court commented that not all legal claims necessarily command the right to a jury trial. *Granfinanciera v. Nordberg*, 492 U.S. at 42 n. 4, 109 S.Ct. at 2790 n. 4. The Court further stated that:

> [i]f, on balance, these two factors indicate that a party is entitled to a jury trial

under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III· adjudicative body that does not use a jury as factfinder.

*Granfinanciera v. Nordberg,* 492 U.S. at 42, 109 S.Ct. at 2790.

■ The distinction between what types of traditionally legal remedies and causes of action might be constitutionally deprived of a right to trial by jury turns on whether public or private rights are involved. The adjudication of public as distinguished from private rights may be congressionally assigned to a tribunal for which no right to a jury trial exists without violating the Seventh Amendment. *Granfinanciera v. Nordberg,* 492 U.S. at 50–51, 109 S.Ct. at 2795.

The Court stressed that the labeling of an action as core or noncore does not affect a party's Seventh Amendment right. *Granfinanciera* provided that Congress cannot eliminate the right to a jury trial by renaming the traditionally legal action and assigning it to a specialized court of equity. *Granfinanciera v. Nordberg,* 492 U.S. at 60–61, 109 S.Ct. at 2800.

In reaching its holding, the Supreme Court recognized that a consistent but different result occurs when a creditor has filed a proof of claim against the bankruptcy estate. In so doing, the Court reconciled its decision in *Granfinanciera* with its holding in the case, *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Katchen v. Landy,* the Court held with respect to preference actions that by filing a proof of claim a creditor submits the determination of its rights against the debtor and the bankruptcy estate to the summary jurisdiction of the bankruptcy court in equity. *Katchen v. Landy,* 382 U.S. at 325, 86 S.Ct. at 470. Commenting on the creditor's Seventh Amendment right, the Court stated,

although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity.

*Katchen v. Landy,* 382 U.S. at 336, 86 S.Ct. at 476 (citations omitted).

■ In *Granfinanciera,* the Supreme Court emphasized the distinction between a creditor who has filed a claim and one who has not. Discussing the decision in *Katchen v. Landy,* the Court stated that its earlier decision turned "on the bankruptcy court's having 'actual or constructive possession' of the bankruptcy estate and its power and obligation to consider objections by the trustee in deciding whether to allow claims against the estate." *Granfinanciera v. Nordberg,* 492 U.S. at 56–57, 109 S.Ct. at 2798 (citations omitted). This function of the bankruptcy court over the bankruptcy estate and the claims against it is referred to as the claims allowance process. By submitting a proof of claim, a creditor triggers the claims allowance process. *Granfinanciera v. Nordberg,* 492 U.S. at 56–59, 109 S.Ct. at 2798–99. Since the claims allowance process involves the bankruptcy court's equitable determination of a creditor's rights against the estate, there is no Seventh Amendment right to a jury trial.

■ The Supreme Court reaffirmed this holding in the case, *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). The Court held that once a creditor has filed a claim,

[i]f the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.*

*Langenkamp v. Culp,* 498 U.S. at ——, 111 S.Ct. at 331 (citations omitted). Taken together, these Supreme Court cases hold that by filing a proof of claim a creditor loses the right to a jury trial with regard to the determination or enforcement of its

claim against the debtor and the bankruptcy estate.

■ The matter before this court presents a different factual situation than faced by the Supreme Court. Here, the Debtor has initiated the adversary proceeding and is the party desiring a jury trial. The Debtor counterclaims against the Defendant for money damages caused by allegedly negligent representation and breach of contract. There is little doubt that the remedy sought by the Debtor and the nature of its claims are legal in nature. At issue is whether determination of the Debtor's adversary proceeding is an integral part of the claims allowance process which as stated by the Supreme Court is triable only in equity.

The Debtor's complaint seeks damages for the pre-petition conduct of the Defendant in its representation. This same conduct forms the basis of the Defendant's proof of claim. The Defendant's rights against the bankruptcy estate are placed in dispute by the Debtor. The counterclaims asserted by the Debtor require examination of the overall debtor-creditor relationship. Resolving the Debtor's adversary proceeding and counterclaims necessarily involves consideration of the merits of the Defendant's claim. Overall, I find that the factual basis for the Debtor's proceeding cannot be separated from questions concerning the validity and extent of the Defendant's claim for attorney fees. Clearly, the adversary proceeding brought by the Debtor arises out of the claims allowance process for which no Seventh Amendment right to a trial by jury exists.

The Debtor's counterclaims seeking damages for negligence and breach of contract are intertwined with its objection to the claim of the Defendant. Here, the adversary proceeding brought by the Debtor is an inextricable part of the claims allowance process. Following the holding originally enunciated in *Katchen v. Landy,* a jury trial is unavailable when the cause of action concerns the determination of the creditor's rights against the bankruptcy estate through the claims allowance or disallowance process. *Katchen v. Landy,* 382 U.S. at 337, 86 S.Ct. at 477.

To hold otherwise would be to perpetrate an injustice. In denying a debtor the right to a jury trial, the Seventh Circuit recently commented:

> if creditors 'by presenting their claims * * * subject[ ] themselves to all the consequences that attach to an appearance,' thereby losing any jury trial right otherwise guaranteed by the Seventh Amendment, debtors who initially choose to invoke the bankruptcy court's jurisdiction to seek protection from their creditors cannot be endowed with any stronger right.

*N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1505 (7th Cir.1991) (citations omitted).

In *Hallahan,* the creditor filed a complaint objecting to the dischargeability of its claim under 11 U.S.C. § 523(a)(6). The debtor responded and requested a jury trial. The Seventh Circuit initially held under the two part test of *Granfinanciera* that dischargeability actions are equitable rather than legal in nature. *Hallahan,* 936 F.2d at 1505. Supplementing this finding and employing the reasoning just set forth, the Seventh Circuit determined that the debtor voluntarily submitted the claims against him to the equitable jurisdiction and determination of the bankruptcy court.

Although a somewhat stronger case was before the Seventh Circuit, I find that the injustice spoken of in *Hallahan* would still result if the Debtor's action was allowed to proceed by jury trial. The Debtor would be able to demand a jury trial in an instance when such a right would be unavailable to the opposing creditor.

■ This decision does not mean that the Debtor loses all right to a jury trial in any type of action merely by filing for bankruptcy. The reasoning of the Supreme Court in *Granfinanciera* would not support such a result. Rather, in this instance, by filing for bankruptcy the Debtor became involved in and submitted to this court's equitable determination of the claims against it. Since the adversary proceeding brought by the Debtor implicated

the claims allowance process no Seventh Amendment right to a jury trial exists.

■ Neither is it necessarily a significant or triggering factor that the creditor in this case filed a proof of claim. The action of the Defendant did not waive the Debtor's right to a jury trial. To hold that a creditor possessed the power to waive the Debtor's right to a jury trial would be an unconstitutional abridgment of the Seventh Amendment. The triggering event was the Debtor filing its petition in bankruptcy and thereby submitting the debts owed and all objections arising against such debts to the bankruptcy forum.

## CONCLUSION

Defendant's Motion to Strike Plaintiff's Demand for Jury Trial is granted. It is determined that the Debtor does not possess a Seventh Amendment right to a jury trial in this adversary proceeding. Accordingly, the Debtor's request for a trial by jury is stricken.