## In re AUTO IMPORTS, INC., et al., Debtors.

### AUTO IMPORTS, INC., Albert H. Vorque, and Bourque Associates, Plaintiffs,

v.

### VERRES FINANCIAL CORP., Defendant.

Bankruptcy No. 92–13724.
Adv. No. 93–1022.

United States Bankruptcy Court,
D. New Hampshire.

Oct. 27, 1993.

---

31. 11 U.S.C. § 362(c)(1).

32. 11 U.S.C. § 1141(d)(1) (1988).

33. *See* 11 U.S.C. § 105(a) (1988).

Lynne F. Riley and Paul M. Harris, Powers and Hall, Boston, MA, for Bourque Associates, Albert H. Vorque and Auto Imports, Inc., plaintiffs.

Daniel J. Kalinski, Manchester, NH, for Verres Financial Corp., defendant.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

The Plaintiffs in this action, Albert H Borque, a New Hampshire resident; Bourque Association, a New Hampshire limited partnership and Auto Imports, a New Hampshire Corporation each filed a petition for Chapter 11 protection in December, 1992. By order of the Court, the three cases have been jointly administered since February, 1993. The Defendant, Verres Financial Corporation (hereinafter VCF) filed a proof of claim on February 22, 1993 for a secured claim of $856,073.65.

The Debtors commenced the Adversary Proceeding now before the Court on a complaint filed by the Debtors against VCF. All of the Plaintiffs' allegations relate to loans made by VCF or loans made by Dartmouth Bank and later assigned to VCF and the security interests, guarantees and mortgages provided as collateral for the loans.

On August 6, 1993, the Plaintiff filed a motion requesting a jury trial on all issues triable to a jury in the Adversary Proceeding. For the reasons outlined below, the Plaintiff's motion is hereby denied.

## ANALYSIS

■ The bankruptcy court has the statutory and constitutional power to conduct a jury trial when it is otherwise authorized to enter final judgment on a matter in dispute. *Ber-* *tholet v. Harman,* 126 B.R. 413 (Bankr. D.N.H.1991); *Weiss v. Avenir Acquisition Corp. II,* 139 B.R. 761 (D.Mass.1991). In other words, the Court has the authority to conduct a jury trial in a proceeding where it has the authority to enter final judgment on a matter explicitly granted by statute [1] or by parties' consent [2]. *Bertholet v. Harman,* 126 B.R. at 418. However, the question before the Court is not whether the bankruptcy court has the authority to conduct a jury trial on this matter but rather whether the *debtor* as *plaintiff* has the option of requesting one in the bankruptcy court.

■ It is clear that VCF, the defendant in the action, would not be entitled to request a jury trial. A third party who is otherwise involved in the bankruptcy proceedings as a creditor to the bankruptcy estate may not validly assert a Seventh Amendment right to a jury trial. *In re Bedford Computer Corp.,* 61 B.R. 594 (Bankr.D.N.H.1986). By filing a claim against the bankruptcy estate, a creditor submits itself to the equitable power of the Court and the process of the allowance and disallowance of claims. *In re Bedford Computer Corp.,* 61 B.R. at 595; *Langenkamp v. Culp,* 498 U.S. 42, 43, 111 S.Ct. 330, 331, 112 L.Ed.2d 343, 347 (1990); *Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 57–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26, 50–51 (1989). In this context, any rights the creditor may have had to a jury trial outside of the bankruptcy court, no longer apply.

In the present case, from the commencement of the bankruptcy proceedings, VCF has been actively involved in the pursuit and protection of their claim in the bankruptcy estate. Through its continued involvement in the case, VCF has explicitly lost any jury trial right relating to its claim which they may have had outside the bankruptcy proceeding. The question then is whether the Debtor, as plaintiff, has relinquished the right as well.

---

1. 28 U.S.C. § 157(b)(1) states: "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 ... and may enter appropriate orders and judgments, subject to review under section 158 of this title."

2. 28 U.S.C. § 157(c)(2) in relevant part states: "[T]he district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title."

■ By filing for bankruptcy protection, the Debtor submits itself to the Court's equitable determination of the claims against it. *In re Frost*, 145 B.R. 878 (Bankr.W.D.MI. 1992); *In re Haile Company*, 132 B.R. 979 (Bankr.S.D.Ga.1991); *Matter of Hallahan*, 936 F.2d 1496 (7th Cir.1991). By voluntarily submitting itself to the Court's equitable power in the determination of claims against the bankruptcy estate, the Debtor thereby waives its jury trial right on the resolution of those claims. *Id.*

■ In this case, the Debtors' claim is in essence a counterclaim to the proof of claim asserted by VCF in the bankruptcy case-in-chief. Notwithstanding the legal or equitable nature of the allegations in the complaint[3], the adversary lawsuit is directly related to the Court's determination of the status of VCF's proof of claim in the bankruptcy estate and in substance is a part of the claims allowance process[4]. From the original Supreme Court decision under the prior Act in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) (a creditor who has filed a claim in the bankruptcy estate has submitted issue to equity jurisdiction of bankruptcy court and has no right to a jury trial in ensuing preference action filed by Trustee), through *Langenkamp*, 498 U.S. 42, 111 S.Ct. 330 (there is no right to a jury trial when a creditor's claim and the ensuing

preference action by the Trustee are "integral to the restructuring of the debtor-creditor relationship"), the creditor's right to a jury trial has turned upon whether the creditor's actions invoked the claims allowance process and not whether the particular claim was legal or equitable in nature. *Katchen*, 382 U.S. at 336, 86 S.Ct. at 476; *Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331; *See also Granfinanciera, S.A.*, 492 U.S. at 58–59, 109 S.Ct. at 2799 (creditors who have not filed a claim against the bankruptcy estate are entitled to jury trial on consequent fraudulent conveyance action filed by trustee because action does not arise "as part of the process of allowance and disallowance of claims").

## CONCLUSION

■ Under the facts of this case, the debtors, by voluntarily initiating a reorganization case to seek the protection of the bankruptcy court, with the concomitant triggering of the claims allowance process that occurs in such proceedings, have implicitly waived any right to a jury trial that may have existed outside the bankruptcy court relating to the determination of the claims in question[5]. As noted, the determination as to whether a jury trial right exists in this context is not dependent on a determination of the legal or equitable nature of the allegations in the complaint.

3. The complaint contains a number of legal and equitable allegations including conversion, turnover, breach of contract, tortious interference with contract rights and business relations, breach of fiduciary duty, breach of good faith and fair dealing, fraudulent conveyance, unfair and deceptive business practice, determination of debt and extent and validity of liens and equitable subordination. (see Plaintiff's Complaint filed 2/9/93 and Amended Complaint filed 6/13/93).

4. On this ground, the Second Circuit opinion in *Germain v. Connecticut Nat. Bank*, 988 F.2d 1323 (2nd Cir.1993) can be distinguished. In *Germain*, the Court premised its discussion of the legal or equitable nature of the Trustee's complaint on the finding that the Complaint was in "form, substance and spirit" a lender liability action focusing on the amount of the bank's claim not its existence. Consequently, the resolution of the lawsuit was not part of the "claims allowance process" or the "hierarchical reorder-

ing of the creditor's claims." *Germain*, 988 F.2d at 1330 and n. 9.

The Fifth Circuit opinion *In re Jensen*, 946 F.2d 369 (5th Cir.1991) can also be distinguished. In *Jensen*, the claims brought by the debtor in possession were against a *non-creditor* third party and were therefore did not "arise as part of the process of allowance and disallowance of claims" nor were they "integral to the restructuring of debtor-creditor relations." *Jensen*, 946 F.2d at 374 (quoting *Granfinanciera*, 492 U.S. at 58, 109 S.Ct. at 2799).

5. The Court is proceeding on the assumption that the Debtor, in filing the Chapter 11 petition, is in fact seeking reorganization. If this case were to be viewed as not a true reorganization requiring a relatively quick claims allowance process but rather a "plan for litigation," the Court would simply dismiss the case as not being filed in good faith. *See In re Marsh Fairway Corp.*, 148 B.R. 721 (Bankr.D.N.H.1992). The Debtors could then seek a jury trial in appropriate state court proceedings.

Instead, the focus is on the substantive nexus between the complaint with the defendant's proof of claim. In this case, the Debtors' complaint is inescapably intertwined with VCF's active assertion of its secured status in the bankruptcy estate.

Accordingly, the Pretrial Order to be entered separately setting this adversary proceeding for trial will include a provision denying the demand for a jury trial in accordance with this opinion.