In re AARON GLEICH, INC., Debtor.

AARON GLEICH, INC., Plaintiff,

v.

HOUSING AUTHORITY OF the CITY OF NEW HAVEN, Defendant.

Bankruptcy No. 93–10546.
Adv. No. 95–1046.

United States Bankruptcy Court,
D. Maine.

Sept. 13, 1996.

George J. Marcus, Pierce, Atwood, Scribner, Allen & Lancaster, Portland, ME, for debtor.

## MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

The issue for decision is whether Aaron Gleich, Inc., ("AGI" or "the debtor") may insist on a jury trial to determine its claims against the Housing Authority of New Haven (HANH), a creditor that has filed a proof of claim seeking damages arising from the same contractual dispute that underlies AGI's causes of action. For the reasons set forth below, I conclude that, even assuming AGI's claims are "legal in nature," the parties' dispute is part and parcel of the "claims allowance process." Therefore, AGI has no right to trial by jury.[1]

### Procedural Background

AGI filed its voluntary petition for Chapter 11 relief on August 18, 1993. On October 28, 1993, HANH timely filed a proof of claim seeking damages arising from AGI's allegedly deficient performance of asbestos abatement work undertaken under the terms of "precleaning" and asbestos removal contracts. HANH sought reimbursement for expenses it incurred as a result of AGI's

---

1. The pertinent facts are undisputed. This memorandum of decision sets forth my legal conclusions. See Fed.R.Bankr.P. 7052, Fed.R.Civ.P. 52. Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code"), as amended, 11 U.S.C. § 101 et seq.

asserted contractual defaults, including indemnification for liability it anticipated as a result of an Environmental Protection Agency lawsuit, for legal fees associated with defending the EPA suit,[2] and other, unliquidated, contingent damages. On August 21, 1995, AGI initiated this adversary proceeding by filing its complaint, entitled "Objection to Claims of the Housing Authority of New Haven and Counterclaim." The complaint took issue with HANH's claims and counterclaimed seeking an affirmative award of compensatory and punitive damages based upon breach of contract (Count I), quasi contract/*quantum meruit* (Count II), and fraud (Count III). The complaint set forth a jury trial demand and HANH consented to jury trial in the bankruptcy court.[3]

HANH obtained summary judgment against AGI on Counts II and III, leaving only the parties' respective contract claims unresolved.[4] At that point, I ordered that the parties indicate whether they continued to insist on a trial by jury in light of my view that the "controversy now appears to be limited to the debtor's attempt to recover assets of the estate based on the Housing Authority of New Haven's alleged contractual liability and a dispute relating to offset and claims allowance...."[5] AGI renewed its jury demand, HANH objected, and the parties briefed the issue.

In the meantime, AGI confirmed its Chapter 11 plan.[6] The plan separately classifies HANH's claim and provides that to the extent HANH proves that AGI owes it damages, its right to payment is "secured" by contract payments it has withheld from AGI, as well as by rights it holds under AGI's contract performance bonds. To the extent that HANH's claim exceeds such funds and rights, it will be paid as an unsecured creditor. The plan's funding for its dividend to unsecured creditors comes from any of several potential sources, including any affirmative damages recovery it might obtain from HANH.[7]

### Discussion

"In any action commenced in a federal court, 'the right to a jury trial ... is to be determined as a matter of federal law.'" *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1326 (2d Cir.1993) (*quoting Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) (per curiam)). We know that HANH, having filed a proof of claim, may not insist upon a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2798–2799, 106 L.Ed.2d 26 (1989), *Katchen v. Landy*, 382 U.S. 323, 335, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966). But the tables are turned. It is

2. Proof of Claim No. 2.

3. A.P.Doc. Nos. 7, 9. AGI initiated bankruptcy proceedings before enactment of 1994 amendments to bankruptcy jurisdictional statutes that provided express, qualified, statutory jury trial authority to the bankruptcy courts. *See* 28 U.S.C. § 157(e). Those amendments became effective for bankruptcy cases filed after October 22, 1994. Because I conclude that this dispute's character removes it from the ambit of matters that debtors may insist be tried by jury, it is unnecessary for me to consider whether bankruptcy courts have statutory authority to conduct jury trials within bankruptcy cases filed prior to October 22, 1994. The First Circuit has had no occasion to rule on the issue. *Compare Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122 (4th Cir.1993) (bankruptcy courts not statutorily authorized to conduct jury trials); *In re Grabill Corp.*, 967 F.2d 1152 (7th Cir.1992) (same), *reh'g en banc denied*, 976 F.2d 1126 (7th Cir.1992); *Rafoth v. Nat'l Union Fire Ins. Co. (In re Baker & Getty Fin. Services, Inc.)*, 954 F.2d 1169 (6th Cir.1992) (same); *Kaiser Steel Corp. v. Frates (In*

*re Kaiser Steel Corp.)*, 911 F.2d 380 (10th Cir. 1990); and *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir.1990); *with Ben Cooper, Inc. v. Insurance Co. of Pa. (In re Ben Cooper, Inc.)*, 896 F.2d 1394 (2d Cir.1990) (bankruptcy courts have implicit statutory authority to conduct jury trials), *vacated*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated by* 924 F.2d 36 (2d Cir.1991), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991).

4. Order dated May 14, 1996, A.P.Doc. No. 55; Order dated May 28, 1996, A.P.Doc. No. 57.

5. Order dated May 28, 1996, A.P.Doc. No. 57.

6. Order dated January 19, 1996, Court Doc. 142.

7. *Id.;* Second Amended Plan of Reorganization, Art. VI, VII. In the event that HANH's claim is allowed in an amount that exceeds its security, its dividend as an unsecured creditor will be paid by AGI or by AGI's sole shareholder within thirty days of allowance. Order dated January 19, 1996, Court Doc. No. 142.

the debtor, not the creditor, asserting jury trial rights. For present purposes, we may assume that if AGI's claims were scrutinized under the model articulated by the Supreme Court,[8] we would readily conclude that, without bankruptcy, AGI's contract claims against HANH are "legal claims" entitled to trial by jury. But because AGI's "counterclaims" to HANH's proof of claim involve the same contentions and issues as are central to the process of allowing or disallowing HANH's claim, a jury trial is not available. *See Granfinanciera*, 492 U.S. at 58–59, 109 S.Ct. at 2798–2799; *Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 331–332, 112 L.Ed.2d 343 (1990); *see also, e.g., Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1247 (3rd Cir.1994) ("legal claims that may involve private rights ... may, in certain bankruptcy contexts, be decided in equity"), *cert. denied*, — U.S. —, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994); *Frost, Inc. v. Miller, Canfield, Paddock & Stone, P.C. (In re Frost)*, 145 B.R. 878, 882 (Bankr. W.D.Mich.1992) (debtor not entitled to jury trial because its breach of contract and negligence claims were part of claims allowance process).

■ HANH and AGI assert prepetition claims against each other. In considering allowance or disallowance of HANH's proof of claim, I.must necessarily consider whether HANH must pay or turn over such funds as it owes to AGI. 11 U.S.C. § 502(d);[9] *see also* 11 U.S.C. § 553(a).[10] The claims allowance/disallowance process cannot avert collision with the very issues that underlie AGI's adversary complaint. Indeed, the very style of AGI's complaint ("Objection to Claims of Housing Authority of New Haven and Counterclaims") recognizes as much. In order to ascertain whether AGI owes HANH money for which a plan distribution need be made, I must consider (1) whether AGI owes HANH *anything* and (2) if so, whether it owes HANH more or less than the funds HANH retains from what AGI claims is owed it under their contracts. *See Romar Int'l Georgia, Inc. v. Southtrust Bank of Alabama, N.A. (In re Romar Int'l Georgia, Inc.)*, 198 B.R. 407, 411 (Bankr.M.D.Ga.1996); *cf. Germain v. Connecticut Nat'l Bank*, 988 F.2d at 1327 ("before a claim may be allowed, a court must resolve any preference issues that the trustee might raise")

In the parlance of non-bankruptcy litigation, we would characterize AGI's contract claims against HANH as mandatory counter-

---

8. "First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.
*Granfinanciera*, 492 U.S. at 42, 109 S.Ct. at 2790 (*quoting Tull v. United States*, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987)).

9. Section 502(d) provides:
Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

10. Section 553(a) provides:
Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
(1) the claim of such creditor against the debtor is disallowed;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—
(A) after the commencement of the case; or
(B)(i) after 90 days before the date of the filing of the petition; and
(ii) while the debtor was insolvent; or
(3) the debt owed to the debtor by such creditor was incurred by such creditor—
(A) after 90 days before the date of the filing of the petition;
(B) while the debtor was insolvent; and
(C) for the purpose of obtaining a right of setoff against the debtor.

claims to HANH's asserted right to damages. *See* Fed.R.Civ.P. 13(a) (counterclaim is mandatory if it arises out of "the transaction or occurrence that is the subject matter of the opposing party's claim" and does not require joinder of parties over whom the court cannot exercise jurisdiction); *see generally* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure 2d* §§ 1409, 1410 (1990 & Supp.1996). Their claims against one another are more than intertwined—they grow on one vine.

Thus, the dispute is, quintessentially, a claims dispute. That AGI claims the right to recover affirmatively from HANH does not change things. The dispute's essential character does not change as a function of the extent of AGI's counterclaims. Whether it is a big dispute or a small dispute, its gravamen is disagreement about the parties' respective rights and liabilities under the prepetition contracts that form the basis for HANH's proof of claim. When AGI filed its voluntary Chapter 11 petition, it set in motion a process invoking this court's equity jurisdiction over the allowance and disallowance of claims. It thereby submitted its dispute with HANH to that jurisdiction. It may not now revoke that election piecemeal. *See Auto Imports, Inc. v. Verres Financial Corp. (In re Auto Imports, Inc.),* 162 B.R. 70 (Bankr.D.N.H.1993); *Splash v. Irvine Co. (In re Lion Country Safari, Inc.),* 124 B.R. 566 (Bankr.C.D.Cal.1991).[11]

### Conclusion

AGI's renewed jury trial demand is denied. This proceeding shall be set for nonjury trial in accordance with the terms of the earlier-entered pretrial scheduling order.

---

**11.** Today's holding, which addresses claims disputes and closely-related counterclaims between a voluntary Chapter 11 debtor and a creditor that has filed a proof of claim is not at odds with the Second Circuit's conclusion that, by filing a voluntary bankruptcy petition, a debtor does not *necessarily* waive *all* jury trial rights in adversary proceedings. *Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323 (holding that debtor retained jury trial rights on post-petition lender liability claims, the resolution of which was unnecessary to allowance or disallowance of defendants prepetition claim); *see In re Jensen,* 946 F.2d 369 (5th Cir.1991) (addressing debtor's claims against non-creditor third party, holding that debtor retained jury trial rights and discussing waiver effected by filing proof of claim).