23 F.3d 66
 Bankr. L. Rep. P 75,863
In re KOOL, MANN, COFFEE & CO., f/d/b/a Moore, Owen, Thomas
& Co., Debtor.
L. Coleman COFFEY; Robert Bruce Coffey, Appellants,
v.
MARINA MANAGEMENT SERVICES INC.; State Dock Inc.; Premium
Capital Resources Corp.; Steven C. Gittinger, as Trustee.
 No. 94-7073.
 United States Court of Appeals,
Third Circuit.
 Submitted April 5, 1994.
Decided April 28, 1994.
 
 A. Jeffrey Weiss, A.J. Weiss & Associates, Charlotte Amalie, St. Thomas, VI, for Moore Owen Thomas & Co.
 Jeffrey S. Posta, Sterns & Weinroth, Trenton, NJ and Christopher M. Hill, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, KY, for L. Coleman Coffey and Robert Bruce Coffey, appellants.
 Denise H. McClelland, Frost & Jacobs, Lexington, KY, for Marina Management Services Inc., appellee.
 Leslie Rosenbaum, Rosenbaum & Rosenbaum, Lexington, KY, for State Dock, Inc., appellee.
 Before BECKER, NYGAARD, and ROTH, Circuit Judges (Motions Panel A).
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This is an appeal from an order of United States Bankruptcy Judge William T. Gindin, sitting by designation in the Virgin Islands, dismissing an adversary action in a bankruptcy case.[1] The appeal was forwarded to this Court pursuant to the January 3, 1994 amendments to Rule 8001.1 of the Local Rules of the Bankruptcy Division of the District Court of the Virgin Islands. It appears, however, that the amended Local Bankruptcy Rule 8001.1 is in direct conflict with 28 U.S.C. Sec. 158, at least in regard to appeals from decisions rendered by bankruptcy judges sitting in the Virgin Islands by designation. Section 158 mandates that all decisions rendered by bankruptcy judges must, in the first instance, be directed to the district court (or to the Bankruptcy Appellate Panel in Circuits where such a panel has been created) and not to the Court of Appeals. Accordingly, it appears that the amended rule is ineffective to confer jurisdiction over the appeal on this Court and to that extent is invalid. The appeal must therefore be dismissed.[2]
 
 
 2
 The relevant subsections of 28 U.S.C. Sec. 158 provide:
 
 Sec. 158. Appeals
 
 3
 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.[3] An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving....
 
 
 4
 (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
 
 
 5
 Amended Local Bankruptcy Rule 8001.1 provides:
 
 Rule 8001.1 Manner of Taking Appeal
 
 6
 An appeal from a final judgment, order or decree of the Bankruptcy Division of the district Court of the Virgin Islands shall be to the United States Court of Appeals for the Third Circuit. Such appeal shall be taken in the same manner as appeals from other judgments, orders or decrees of the District Court of the Virgin Islands in civil actions, and shall comply with the applicable federal, Third Circuit, and local District Court Rules.
 
 
 7
 On its face, this rule is in conflict with Sec. 158(a). It is axiomatic that any local rule that is inconsistent with an Act of Congress is invalid.
 
 
 8
 Judge Gindin was assigned to sit in the Virgin Islands pursuant to 28 U.S.C. Sec. 155(a) which provides:
 
 
 9
 Sec. 155. Temporary transfer of bankruptcy judges
 
 
 10
 (a) A bankruptcy judge may be transferred to serve temporarily as a bankruptcy judge in any judicial district other than the judicial district for which such bankruptcy judge was appointed upon the approval of the judicial council of each of the circuits involved.
 
 
 11
 (emphasis added).
 
 
 12
 In defense of the amended rule, it was suggested by the district court, in correspondence between that court and our Clerk, that bankruptcy judges designated to sit in the District Court of the Virgin Islands are designated to sit as district judges, rather than as bankruptcy judges. This defense is understandable in view of the clerically erroneous designation of Judge Gindin in this instance, and of Bankruptcy Judge Joseph Cosetti (W.D.PA) in another. The erroneous designation reference was to 28 U.S.C. Sec. 292(b) (temporary assignment of district judges) instead of 28 U.S.C. Sec. 155(a). The erroneous designations have both been corrected. See supra n. 1.
 
 
 13
 More importantly, Judge Gindin could not have been assigned as a district judge under that section of the Organic Act, 48 U.S.C. Sec. 1614(a), which governs the designation of judges to sit on the Virgin Islands district court. That Act allows the Chief Judge of the Circuit to designate, "[A] judge of a court of record of the Virgin Islands established by local law, or a circuit or district judge of the Third Judicial Circuit, or a recalled senior judge of the District Court of the Virgin Islands ... to serve temporarily as a judge of the District Court of the Virgin Islands." 48 U.S.C. Sec. 1614(a).[4] Since bankruptcy judges are not enumerated in that section, the Chief Judge lacks authority to appoint such a judge to serve as a district judge.
 
 
 14
 In sum, Local Rule 8001.1 of the Bankruptcy Division of the District Court of the Virgin Islands is in direct conflict with 28 U.S.C. Sec. 158, at least in regard to appeals from decision rendered by Bankruptcy judges sitting in the Virgin Islands by designation.[5] The appeal will therefore be dismissed and the case remanded to the District Court of the Virgin Islands for further proceedings. We are conscious of the heavy burdens on the District Court of the Virgin Islands, and trust that this decision will not add to them, at least in view of the recent judicial nomination to that bench and the efforts of the Chief Judge of this Court to assist the District Court of the Virgin Islands with the temporary assignment of district judges from elsewhere in the Circuit pursuant to 28 U.S.C. Sec. 292(b).
 
 
 15
 According to the submissions of appellant's counsel, the bankruptcy case out of which this appeal arises is complicated and fragmented. There are several appeals now pending from various orders and judgments of the Bankruptcy Court in the underlying bankruptcy case. All of the judgments or orders, insofar as they affect appellants, apparently arise directly from an opinion by the Bankruptcy Court dated June 9, 1993. That opinion, and the judgment arising from it, have been properly appealed to the District Court of the Virgin Islands, Miscellaneous No. 93-29, and assigned to District Judge John P. Fullam of the Eastern District of Pennsylvania, sitting by designation. No briefing schedule has yet been established in that appeal because the docketing notice contemplated by Rule 8007(b) of the Rules of Bankruptcy Procedure has not yet been issued. An appeal has also been filed from the Order of Confirmation in the main bankruptcy case. This appeal is also currently pending in the District Court of the Virgin Islands, although, again, no docketing notice has yet been issued. All three appeals are said to involve virtually the same issues. For reasons of judicial economy we therefore suggest that the district court, on remand, might wish to consolidate all the related appeals before Judge Fullam.
 
 ORDER
 April 28, 1994
 
 16
 This cause came to be heard on the record from the District Court of the Virgin Islands and was submitted on April 5, 1994 for possible dismissal due to a jurisdictional defect.
 
 
 17
 On consideration whereof, it is now here ordered and adjudged by this Court that the appeal is dismissed for lack of jurisdiction and the cause is remanded to the District Court of the Virgin Islands for further proceedings. All of the above in accordance with the opinion of this Court.
 
 
 
 [1]
 Judge Gindin is a judge of the United States Bankruptcy Court for the District of New Jersey. He was specially designated to hear the Kool, Mann, Coffee & Co. bankruptcy action by order entered December 13, 1993 (amended nunc pro tunc as of April 19, 1994). See infra
 
 
 [2]
 The parties to the appeal, to whom the matter was submitted by the clerk on a suggestion of jurisdictional defect, agree that this Court lacks jurisdiction over it
 
 
 [3]
 The District Court of the Virgin Islands, of course, exercises jurisdiction of the District Court of the United States. 48 U.S.C. Sec. 1612(a)
 
 
 [4]
 The complete text of 48 U.S.C. Sec. 1614(a) is:
 Sec. 1614. Judges of District Court
 (a) Appointment; tenure; removal; chief judge; compensation
 The President shall, by and with the advice and consent of the Senate, appoint two judges for the District Court of the Virgin Islands, who shall hold office for terms of ten years and until their successors are chosen and qualified, unless sooner removed by the President for cause. The judge of the district court who is senior in continuous service and who otherwise qualifies under section 136(a) of Title 28 shall be the chief judge of the court. The salary of a judge of the district court shall be at the rate prescribed for judges of the United States district courts. Whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the district court, the chief judge of the Third Judicial Circuit of the United States may assign a judge of a court of record of the Virgin Islands established by local law, or a circuit or district judge of the Third Judicial Circuit, or a recalled senior judge of the District Court of the Virgin Islands, or the Chief Justice of the United States may assign any other United States circuit or district judge with the consent of the judge so assigned and of the chief judge of his circuit, to serve temporarily as a judge of the District Court of the Virgin Islands. The compensation of the judges of the district court and the administrative expenses of the court shall be paid from appropriations made for the judiciary of the United States.
 
 
 [5]
 There is no problem with the amended local rule insofar as it applies to orders entered by district judges exercising the district court's original bankruptcy jurisdiction under 28 U.S.C. Sec. 152(a)(4) and 48 U.S.C. Sec. 1612(a). In re: Amatex Corp., 755 F.2d 1034, 1038 (3d Cir.1985)