48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Robert Bruce COFFEY, Debtor.
v.
KOOL, MANN, COFFEE & CO.; Premium Capital Resources Corp.;
Steven C. Gittinger, as Trustee, Plaintiffs-Appellants,
v.
Robert Bruce COFFEY, Defendant-Appellee.
 Nos. 93-6378, 93-6379.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1995.
 
 Before: GUY, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellee Robert Bruce Coffey filed a Chapter 11 petition in bankruptcy court, then later moved for a voluntary dismissal without prejudice. Appellant Kool, Mann, Coffee & Co. ("Kool Mann") moved for dismissal with prejudice on the grounds of bad faith, and for imposition of sanctions, attorney fees, and costs. The bankruptcy court dismissed the action with limited prejudice, and ruled that both parties should bear their own costs and attorney fees. The district court affirmed. Based on the following discussion, we affirm the decision below.
 
 I.
 
 2
 As the district court summarized, "[t]his dispute is but one facet of complex litigation spanning five jurisdictions implicating a five-million-dollar judgment that [Coffey] secured against [Kool Mann], who is under the protection of a bankruptcy court." The following is a synopsis of the case history.
 
 
 3
 The genesis of this litigation involves a 1985 sale from Robert Bruce Coffey and his father, L. Coleman Coffey, to Kool Mann[1] of stock of a Kentucky corporation known as Lake Cumberland State Dock, Inc., and their partnership interest in Vacation Cruises (collectively "LCSDI"). LCSDI owned and operated a houseboat rental and marina business on Lake Cumberland in Kentucky. Thomas O. Moore, a principal in Kool Mann, personally guaranteed Kool Mann's obligation.
 
 
 4
 In the fall of 1986, Kool Mann filed suit in the Eastern District of Kentucky seeking a declaratory judgment regarding an assumption of debt issue, and reformation (set-off) against purchase price due to alleged fraud on the part of the Coffeys. The Coffeys, seeking judgment on the unpaid balance of the purchase money note, filed a separate action in state court to enforce Moore's personal guarantee. Kool Mann removed the state action to the Eastern District of Kentucky.
 
 
 5
 In late 1989, Judge Forester held a partial bench trial to determine whether certain debts and obligations were included in the contract price or were to be paid by Kool Mann in addition to the stated purchase price. On January 31, 1990, the court concluded, as a matter of law, that Kool Mann had agreed to pay five million dollars for the business, as well as assume the indebtedness of LCSDI. Moore, Owen, Thomas & Co. v. Coffey, 1991 WL 519627 (E.D.Ky. Oct. 11, 1991).
 
 
 6
 In April 1990, the Coffeys moved for partial summary judgment on their counterclaims against Moore and Kool Mann. The district court scheduled that motion for December 21, 1990. On December 20, 1990, Kool Mann filed for Chapter 11 relief before the U.S. Bankruptcy Court for the Virgin Islands. This filing stayed the action before Judge Forester as to Kool Mann, but not as to the guarantor, Thomas Moore.
 
 
 7
 On October 11, 1991, Judge Forester granted summary judgment against Moore, as the guarantor. This court, however, reversed, finding a genuine issue of material fact regarding the Coffeys' allegedly fraudulent inducement. Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439 (6th Cir.1993).
 
 
 8
 Following Kool Mann's Chapter 11 filing, the Coffeys commenced a suit in Russell County, Kentucky, seeking to avoid the conveyance of the marina property sold to Kool Mann in 1985. The bankruptcy court in the Virgin Islands enjoined the Coffeys from proceeding with that action.
 
 
 9
 In March 1991, Kool Mann filed its proposed plan of reorganization. Also in 1991, Kool Mann filed an adversary proceeding against the Coffeys objecting to the Coffeys' joint proof of claim, and asserting counterclaims for securities fraud, fraud in the inducement, misrepresentation, and breach of warranty. Ultimately, the Coffeys voted against Kool Mann's second amended plan of reorganization, and the bankruptcy court began taking evidence regarding Kool Mann's objections to the Coffeys' proof of claim, and to determine whether the plan's proposed treatment of the Coffeys' joint claim was fair and equitable, so as to permit "cram down," if necessary.[2]
 
 
 10
 On March 30, 1992, after the bankruptcy court had heard five days of testimony in the Virgin Islands, Robert Coffey filed for bankruptcy relief in the Western District of Kentucky, for the stated purposes of "consolidating ... ruinous litigation" and "reorganiz[ing] his rapidly diminishing financial affairs." Kool Mann alleged that Coffey filed for bankruptcy in bad faith, that is, to use the automatic stay in order to delay the proceedings before Judge Gindin in the Virgin Islands.[3]
 
 
 11
 Along with his petition, Coffey also filed: (1) a motion to partially withdraw the order of reference, and (2) a motion to modify the automatic stay in his Chapter 11 case to allow him to proceed before Judge Forester, in the Eastern District of Kentucky. On July 12, 1992, Judge Allen, of the Western District of Kentucky, denied Coffey's motion for partial withdrawal of the bankruptcy reference, and returned the matter to Judge Roberts in the bankruptcy court.
 
 
 12
 On August 6, 1992, a hearing in the bankruptcy court for the Western District of Kentucky was held to determine the feasibility of Coffey's reorganization plan.[4] On September 2, 1992, Coffey moved to voluntarily dismiss his Chapter 11 filing without prejudice. Kool Mann moved to dismiss with prejudice, and to impose sanctions, attorney fees, and costs for Coffey's allegedly bad faith filing. On October 23, 1992, the bankruptcy court dismissed Coffey's Chapter 11 case with limited prejudice, in that Coffey could file no further Chapter 11 filings before the bankruptcy court prior to the entry of a final order in the Virgin Islands court. The court also ruled that both parties should bear their own attorney fees and costs. The district court affirmed this decision.
 
 II.
 
 13
 Appellants' arguments boil down to the assertion that the bankruptcy court erred by not finding a bad faith motive for Coffey's Chapter 11 filing. We will follow the bankruptcy court's findings of fact unless they are clearly erroneous. In re Laguna Assocs. Ltd. Partnership, 30 F.3d 734, 736 (6th Cir.1994).
 
 
 14
 We hold that the bankruptcy court did not commit clear error by not finding bad faith. The circumstances of the case support this finding. The record of the case below indicated a massive amount of litigation leading to great expenses for both parties. Appellant relied on the Johns-Manville line of cases to support his position that bankruptcy protection is proper for consolidation of multi-district litigation. For example, In re Johns-Manville Corp., 36 B.R. 727 (Bankr.S.D.N.Y.1984), held that Manville's filing for bankruptcy protection in the face of extensive litigation did not conclusively establish bad faith. Specifically, the court stated that the concept of a good faith filing "is an elastic one which can be read into the statute on a limited ad hoc basis." Id. at 737 (citation omitted). The court concluded that "Maville must not be required to wait until its economic picture has deteriorated beyond salvation to file for reorganization." Id. at 736. See also In re Clinton Centrifuge, Inc., 72 B.R. 900, 904 (Bankr.E.D.Pa.1987) ("When a debtor is motivated by plausible, legitimate reorganization (or liquidation) purposes and not solely or predominantly by the mere desire to prevent foreclosure or hinder creditors, bad faith is not present in a chapter 11 case"). Although it is questionable that the facts of the instant case fit into the holding of the Johns-Manville cases, we cannot hold that a debtor's attempt to analogize such a case is so frivolous as to warrant a finding of bad faith.
 
 
 15
 In light of the expensive and tangled web of litigation in the instant case coupled with the holdings of cases such as In re Johns-Manville, this court cannot hold that the bankruptcy court clearly erred in not finding this case to be so "egregious" as to warrant sanctions as a bad faith filing. See In re Charfoos, 979 F.2d 390, 393 (6th Cir.1992) (discussing "egregious" cases warranting a finding of bad faith). In the words of the district court, "[the] parties' briefs bear out that this dispute is not so one-sided that the extraordinary relief requested by the Appellants is appropriate."
 
 
 16
 The bankruptcy court's findings certainly could have been set forth with more detail. The record below, however, is sufficient for us to affirm the decision of the bankruptcy court. As the Eighth Circuit has held, "a [lower] court's findings of fact must be liberally construed and found to be in consonance with the judgment if the judgment has support in record evidence. [T]his is so even if the findings are not as specific or detailed as might be desired." In re Fossum, 764 F.2d 520, 522 (8th Cir.1985) (citation omitted) (holding that Fed.R.Civ.P. 52 is applicable in bankruptcy proceedings that are adversarial in nature).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Kool Mann formerly did business under the name of Moore, Owen, Thomas & Co
 
 
 [2]
 "Cram down" is a process wherein a bankruptcy court may confirm a reorganization plan over the objections of impaired claimholders, so long as the plan is fair and equitable. See 11 U.S.C. Sec. 1129(b)(1)-(2)
 
 
 [3]
 Judge Gindin ultimately concluded that the Coffeys provided Kool Mann with false and misleading financial statements, and, thus, committed securities fraud, common law fraud and misrepresentation. Consequently, Judge Gindin reformed the contract which gave rise to the Coffeys' claims, and reduced their multi-million dollar proof of claim to $26,915.78. In re Kool, Mann, Coffee & Co., Adversary Proceeding No. 3910003 (Bankr.V.I. June 9, 1993). This decision appears to be on appeal to the district court of the Virgin Islands, Miscellaneous No. 93-29. See In re Kool, Mann, Coffee & Co., 23 F.3d 66, 69 (3d Cir.1994) (dismissing appeal for lack of jurisdiction)
 
 
 [4]
 Judge Roberts had previously questioned Coffey's good faith and credibility. On June 26, 1992, Judge Roberts stated that:
 And in all probability, but for the motion to revoke the reference, this court would have set the matter down for hearing to show cause why the case shall not be dismissed, because on its very face, I doubt if there's any reasonable prospect for reorganization in this case....