**IN RE: KOOL, MANN, COFFEE & CO. f/d/b/a/ MOORE, OWEN, THOMAS & CO., Appellant**

Civ. No. 97-80
Re: Bankr. No. 390-017

**MOORE, OWEN, THOMAS & CO., and THOMAS O. MOORE, Appellants**
**v.**
**L. COLEMAN COFFEY and ROBERT BRUCE COFFEY, Appellees**

Civ. No. 97-81
Re: Adversary Proceeding No. 391-003

**MARINA MANAGEMENT SERVICES, INC., STATE DOCK, INC., PREMIUM CAPITAL RESOURCES CORP., and STEVEN C. GITTINGER, As Trustee, Appellants**
**v.**
**L. COLEMAN COFFEY and ROBERT BRUCE COFFEY, Appellees**

Civ. No. 97-79
Re: Adversary Proceeding No. 392-0009

Div. of St. Thomas and St. John

February 27, 1998

359

JEFFREY A. WEISS, ESQ., St. Thomas, U.S.V.I., *for Appellant Kool, Mann, Coffee & Co.*

LESLIE ROSENBAUM, ESQ., (Rosenbaum & Rosenbaum), Lexington, KY, *for Appellants Moore, Owen, Thomas & Co.; Thomas Moore; State Dock., Inc.; and Premium Capital Resources Corp.*

DENISE MCCLELLAND, ESQ., (Frost & Jacobs), Lexington, KY, *for Appellants Marina Management Services and Thomas Moore*

ROBERT GETTEL, ESQ., Cincinnati, OH, *for Appellant Gittinger*

CHRISTOPHER HILL, ESQ., (McBrayer, McGinnis, Leslie & Kirkland), Frankfort, KY, *for Appellees L. Coleman Coffey and Robert Coffey*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court on appellants' motion to reconsider this Court's decision in *In re Jaritz Indus., Ltd.*, 36 V.I. 225, 207 B.R. 451 (D.C.V.I. 1997) or, in the alternative, to remand these proceedings to the Honorable William H. Gindin, Chief Judge, United States Bankruptcy Court for the District of New Jersey. For the reasons set forth below, appellants' motion to reconsider the Court's decision in Jaritz will be denied; appellants' motion to remand these proceedings to Judge Gindin will be granted.

### I. Factual and Procedural Background

Effective April 1, 1990, any and all cases in the District Court of the Virgin Islands that arise under Title 11 of the United States

Code have been referred to bankruptcy judges. *See In re General Rules of the Court*, Standing Order (May 29, 1990). Beginning with the judicial emergency when there were no permanent district judges in the Virgin Islands, the Third Circuit Judicial Council and the Court of Appeals for the Third Circuit have designated and assigned bankruptcy judges from judicial districts within the Circuit to handle bankruptcy cases in the Virgin Islands pursuant to this Standing Order of Reference.

In March of 1990, Judge Gindin was designated and assigned to conduct bankruptcy proceedings in the District of the Virgin Islands. (*See* Appellant's Br. at Tab A.) Judge Gindin's designation was renewed several times between 1990 and 1992. Judge Gindin has presided over the bankruptcy proceedings for the above-captioned matter since they commenced in December 1990. Furthermore, in 1992, the Third Circuit Court of Appeals specifically assigned this matter exclusively to Judge Gindin. (*See* Appellant's Br. at Tab B.)

On March 17, 1997, this Court issued its opinion in *In re Jaritz*, finding that the Territory of the Virgin Islands cannot be treated as a "judicial district" of the United States and the District Court of the Virgin Islands, although having the equivalent jurisdiction of a United States district court, is in fact a nonfederal, territorial court. 36 V.I. 225, 207 B.R. 451, 468 (D.C.V.I. 1997), *appeal docketed*, No. 97-7226 (3d Cir. Apr. 16, 1997) (argued before the Court of Appeals on Dec. 9, 1997). As a result, the Court found that "[t]here is no statutory authority to assign a United States bankruptcy judge to be a judicial officer of such a 'territorial' court." *Id.* at 453.

The Court reached this conclusion as a result of the following analysis: Congress has provided in 28 U.S.C. § 158(a) that "district courts of the United States shall have *jurisdiction* to hear appeals" from decisions of bankruptcy judges. (Emphasis added.) Under the Court of Appeals decisions interpreting the Revised Organic Act, the District Court of the Virgin Islands clearly does have the jurisdiction of a United States district court to hear a bankruptcy appeal. *In re Jaritz*, 207 B.R. at 454 (District Court of Virgin Islands "does have the jurisdiction to review an appeal from a bankruptcy

361

judge, assuming the judge has authority to act in the Virgin Islands.").[1]

The District Court's classification as a territorial court and not a federal court, however, presents an entirely different and much more difficult issue. It arises in the following manner:

1. Congress has provided in 28 U.S.C. § 152(a)(1) that the United States Court of Appeals shall appoint bankruptcy judges for the "judicial districts" in the Third Circuit and such bankruptcy judges "shall serve as judicial officers of the United States district court established under Article III of the Constitution." The Territory of the Virgin Islands is not such a judicial district since it has not yet been established under Article III.[2]

2. Congress has provided in 28 U.S.C. § 152(a)(4) that the judges of the district court for the Territory of the Virgin Islands "shall serve as the bankruptcy judges for such court[]" until Congress authorizes the Third Circuit Court of Appeals to appoint a bankruptcy judge for "such district" under subsection 152(a)(2). Congress has yet to give such authorization.

3. During the judicial emergency caused by the extended period when there were no judges appointed to the District Court,

---

[1] *See e.g., Moravian Schl. Advisory Bd. v. Rawlins*, 33 V.I. 280, 70 F.3d 270, 274 (3d Cir. 1995) (District Court of the Virgin Islands exercises the judicial authority of a federal court since Revised Organic Act "now provides for the relations between the District Court of the Virgin Islands and the territorial court to parallel the relations between the federal courts and the state courts."); *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 914 (3d Cir. 1994) (The "District Court of the Virgin Islands has exclusive jurisdiction equivalent to United States District Courts over such fields as admiralty, bankruptcy, patent, copyright and trademark."); *In re Kool Mann Coffee & Co.*, 23 F.3d 66, 67 n.3 (3d Cir. 1994) ("The District Court of the Virgin Islands, of course, exercises jurisdiction of the District Court of the United States."); *see also Brown v. Francis*, 33 V.I. 385, 75 F.3d 860, 864 (3d Cir. 1996) (removal statute, strictly limited by its terms to district courts of the United States, applies to District Court of the Virgin Islands under Revised Organic Act); *Brow v. Farrelly*, 28 V.I. 345, 994 F.2d 1027, 1034 (3d Cir. 1993) (construing Revised Organic Act to give District Court of Virgin Islands exclusive federal jurisdiction).

[2] The judicial districts to which the courts of appeals may appoint bankruptcy judges under 28 U.S.C. § 152(a)(1) are listed in § 152(a)(2). The Virgin Islands is not included in § 152(a)(2). The terms "district" and "judicial district" are defined generally in 28 U.S.C. § 451 to mean the districts enumerated in 28 U.S.C. §§ 81-131 & 133 of Chapter 5 of Title 28. The Virgin Islands is not named in any of these sections.

the Chief Judge of the Third Circuit Court of Appeals began designating bankruptcy judges from judicial districts within the Circuit to assist the District Court of the Virgin Islands. Unfortunately, the section of the statute used for these designations, 28 U.S.C. § 155(a), only authorizes the transfer of a bankruptcy judge appointed in one judicial district to serve temporarily in another "judicial district." As already noted, the term "judicial district" does not include the Territory of the Virgin Islands.

4. Congress also has provided in 28 U.S.C. § 158(a) that appeals from decisions of bankruptcy judges shall be taken "*only* to the district court for the *judicial district* in which the bankruptcy judge is serving." (Emphasis added.)

As the foregoing makes clear, the District Court of the Virgin Islands is not a district court in a judicial district of the United States to which a bankruptcy judge may be transferred to serve temporarily. Therefore, there is "no legal basis under which a United States bankruptcy judge may temporarily be assigned to the Virgin Islands under 28 U.S.C. § 155(a)." *In re Jaritz Indus.*, 207 B.R. at 454. If there is no legal basis for a bankruptcy judge to act as a judicial officer of the District Court of the Virgin Islands, then there is no valid order for the District Court to review on appeal under 28 U.S.C. § 158(a). Therefore, even though the District Court of the Virgin Islands has the jurisdiction of a district court of the United States to hear appeals from orders of a bankruptcy judge, there is no valid order for it to review, which is the equivalent of a lack of subject matter jurisdiction over the appeal. *See In re Jaritz*, 207 B.R. at 468.

The effect of this Court's decision in *Jaritz* was stayed initially for ten days, id. at 469, which stay has been extended indefinitely pending resolution of the appeal to the Third Circuit Court of Appeals, *see In re Jaritz*, D.C. Civ. No. 96-003, Order (Apr. 18, 1997).

On April 18, 1997, reacting to the decision of the Court in *Jaritz*, Judge Gindin sua sponte issued orders terminating the Standing Order of Reference as it applied to the above-captioned matter and transferred all proceedings back to the District Court. (*See* Appellant's Br. at Tab I.) The parties subsequently filed this appeal of Judge Gindin's orders terminating his assignment to this matter.

## II. Discussion

### A. There Is No Reason to Reconsider In Re Jaritz Industries

■ Appellants have requested that this Court reconsider its finding in *Jaritz* and reverse its decision. Since the issuance of the *Jaritz* decision, no legislative or judicial changes have been enacted that would alter this Court's interpretation of the applicable statutes. Accordingly, the Court rejects appellants' invitation to reverse its holding in Jaritz and will deny appellants' motion on this point.

### B. The Jaritz Decision Has No Effect on the Order of Reference

■ The procedures for how bankruptcy matters are handled in the District of the Virgin Islands have not changed as a result of the Court's decision in *Jaritz*. The reason for this is obvious: The effect of the decision was stayed pending resolution of the appeal to the United States Court of Appeals for the Third Circuit. *See In re Jaritz,* D.C. Civ. No. 96-003, Order (Apr. 18, 1997).[3]

Support for the Court's decision to stay the effect of its decision lies in United States Supreme Court precedent. In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 73 L. Ed. 2d 598, 102 S. Ct. 2858 (1982), the Supreme Court held that the Bankruptcy Act of 1978 was unconstitutional. Despite this finding, the Supreme Court stayed its judgment for a limited period, allowing bankruptcy matters to proceed under the Bankruptcy Act until Congress had an opportunity to remedy the Act and remove the constitutional infirmities, and so as to avoid "impairing the interim administration of the bankruptcy laws." *Id.* at 88; *see also Buckley v. Valeo,* 424 U.S. 1, 143, 46 L. Ed. 2d 659, 96 S. Ct. 612 (1976) (staying effect of finding that Federal Election Campaign Act of 1971 was unconstitutional in part, for a period of thirty days so as

---

[3] Whether this Court's determination that *Jaritz* will have only prospective effect, rather than the normal retroactive application, is also stayed pending appeal. The Court based this decision on the three factor determination set forth in *Chevron Oil Co. v. Huson. See In re Jaritz,* 207 B.R. at 468 (relying on *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 92 S. Ct. 349 (1971)); *see also Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 88, 73 L. Ed. 2d 598, 102 S. Ct. 2858 (1982) (also relying on *Chevron,* 404 U.S. at 106-07).

to "afford Congress an opportunity to reconstitute the Commission by law or to adopt other valid enforcement mechanisms").

The Court of Appeals' stay of the effect of the decision in *Jaritz* will avoid impairing the operation of the administration of the bankruptcy laws and procedures in the Virgin Islands pending judicial or congressional resolution of the issues presented in that case. The decisions made by Judge Gindin during the pendency of the stay on cases referred to him are not subject to challenge on the basis of *Jaritz. Northern Pipeline,* 458 U.S. at 88. Until the stay is lifted, the holding of *In re Jaritz* has no effect on the authority of Judge Gindin to handle and decide Virgin Islands' bankruptcy cases assigned to him under the Standing Order of Reference, which most assuredly has not been withdrawn by this Court.

*C. Bankruptcy Judge Gindin Clearly Has No Authority to Transfer Cases Back to District Court or to Vacate the Order of Reference*

Once a district court refers a case or proceeding to a bankruptcy judge, the only way that reference can be withdrawn is through the procedure outlined in 28 U.S.C. § 157(d). *In re Wonder Corp. of Am.,* 81 B.R. 221, 226 (Bankr. D. Conn. 1988). Section 157(d) states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

■ An order of reference may only be terminated upon the action of a judge of the district court which referred the matter, not the bankruptcy judge to which it is referred. A bankruptcy judge lacks any colorable authority or jurisdiction to rule on any motion to transfer a case back to the district court and has absolutely no authority to vacate a duly entered order of reference of the district court.

■ The relevant case law is resoundingly clear on this, including cases arising out of the Bankruptcy Court in the District of New Jersey in which Judge Gindin sits. *See e.g., I.G. Davis, Jr. v. The Merv Griffin Co.,* 128 B.R. 78, 82 (Bankr. D.N.J. 1991) ("[I]t is clear that a motion to withdraw the reference of a case to the bankruptcy court is the sole province of the district court."); *In re Oneida Motor Freight, Inc.,* 86 B.R. 344, 346 (Bankr. D.N.J. 1987) ("This Court finds

that it does not have jurisdiction to consider a motion to withdraw the general reference of this matter to the U.S. District Court. By the express terms of Section 157(d) . . . it is the district court and the district court alone that may withdraw the reference of any matter pending before this Court.").[4] Succinctly stated, the "reference statute is a 'one-way street' from the district court to the bankruptcy court." *Biglari*, 142 B.R. at 780.

## III. Conclusion

This Court's decision in *Jaritz* that there was no statutory basis to assign bankruptcy judges from a judicial district to the District Court of the Virgin Islands has been stayed indefinitely pending resolution by appeal to the United States Court of Appeals for the Third Circuit. Therefore, the District Court's Standing Order of Reference of bankruptcy matters arising in the Virgin Islands continues in full force and effect since it has never been withdrawn by this Court or rendered void or ineffective by decision of a higher court. Without such higher authority or this Court's explicit order withdrawing the Standing Order of Reference, the bankruptcy judges temporarily assigned to act as judicial officers for the District of the Virgin Islands shall continue to hear and determine all proceedings referred to them in accordance with 28 U.S.C. § 157(b) & (c). Since Judge Gindin was totally without any authority to terminate this Court's Standing Order of Reference, his orders transferring this matter back to the District Court are vacated, and he shall determine and handle all Virgin Islands bankruptcy proceedings pending before him to their conclusion,

---

[4] Numerous other districts have reached the same conclusion as that of New Jersey. *See, e.g., In re Wonder Corp. of Am.,* 81 B.R. 221, 226 (Bankr. D. Conn. 1988) ("This court may not transfer cases or proceedings to the District Court."); *In the Matter of Hawkeye Chem. Co.,* 73 B.R. 318, 320 (Bankr. S.D. Iowa 1987) ("A motion for withdrawal of the reference must be brought in the district court."); *In re Bedford Computer Litig.,* 61 B.R. 594, 595 (Bankr. D.N.H. 1986) ("I rule that [the request for withdrawal of reference] is not properly before this court but rather would only be properly directed to the U.S. district court judge."); *In re Biglari Import & Export, Inc.,* 142 B.R. 777, 780 (Bankr. W.D. Tex. 1992) ("The bankruptcy court declines the movant's invitation to 'refer or transfer' this matter to the district court, as there is no rule or statute which permits such a referral or transfer. . . . Until such time as the district court elects to withdraw the reference (either on its own motion or on timely motion of that party), this court has no choice but to proceed with the case.").

entering such orders and judgments as may be appropriate and necessary.

ENTERED this 27th day of February, 1998.

### ORDER

For the reasons expressed in the accompanying Memorandum of even date, it is hereby

ORDERED that the Orders dated April 18, 1997, terminating the proceedings of the above-referenced matter in the Bankruptcy Division of the District Court of the Virgin Islands are VACATED and this matter is returned to the Honorable William H. Gindin for further proceedings in accordance with 28 U.S.C. § 157(b) and (c).

ENTERED this 27th day of February, 1998.